| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
| | CHRISTINE M. REILLY (Bar No. CA 226388) |
| 2 | CReilly@manatt.com |
| | 11355 West Olympic Boulevard |
| 3 | Los Angeles, CA  90064-1614 |
| | Telephone:  (310) 312-4000 |
| 4 | Facsimile:  (310) 312-4224 |
| 5 | *Attorney for Defendant* |
| | SURVEY SAMPLING INTERNATIONAL, LLC |
| 6 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZITA VILLANUEVA, individually and on behalf of all others similarly situated, | Case No. **'17CV0774 JAH  WVG** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **DEFENDANT SURVEY SAMPLING INTERNATIONAL'S NOTICE OF REMOVAL** |
| SURVEY SAMPLING INTERNATIONAL, LLC and DOES 1-50, inclusive, | [Filed concurrently with: |
| Defendants. | (1) Civil Cover Sheet; |
| | (2) Corporate Disclosure Statement; |
| | (4) Notice of Filing of Notice of Removal; |
| | (5) Appendix of State Court Documents; |
| | (6) Proof of Service] |
| | Date of Filing: April 17, 2017 |
| | Trial Date:    None Set |

**DEFENDANT SURVEY SAMPLING INTERNATIONAL'S NOTICE OF REMOVAL**

Defendant Survey Sampling International ("SSI"), pursuant to 28 U.S.C. § 1441, removes to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1453 and 1446 and 47 U.S.C. Section 227.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Zita Villanueva ("Plaintiff") and filed with the Clerk of the California Superior Court for the County of San Diego, as an exhibit to a Notice to State Court of Removal to Federal Court.  A copy of the Notice being filed in state court is attached hereto

(without exhibits) as Exhibit A.

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On March 15, 2017, Plaintiff filed a purported class action captioned *Villanueva v. Survey Sampling International LLC*, Case No. 37-2017-00009410-CU-MC-CTL, against SSI in the California Superior Court for the County of San Diego ("State Court Action").

2. SSI was served with the Complaint on March 17, 2017. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and copies of all process, pleadings, and orders served upon SSI in the State Court Action are attached to this Notice as Exhibit B.

3. The California Superior Court for the County of San Diego is located within the Southern District of California. 28 U.S.C. § 84(d). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

**NO JOINDER NECESSARY**

4. Because there are no other defendants in this action, no consent to removal is necessary.

**ALLEGATIONS OF THE COMPLAINT**

5. This action is a putative class action against SSI on behalf of those who received telephone calls from SSI in violation of the Telephone Consumer Protection Act ("TCPA") and the California Invasion of Privacy Act. Plaintiff alleges that SSI used a predictive dialer that constitutes an automatic telephone dialing system within the meaning of TCPA to make these calls without Plaintiff's consent. (Complaint ¶¶ 6-10). Plaintiff also alleges that SSI secretly recorded these communications without notifying Plaintiff or receiving Plaintiff's consent. (Complaint ¶¶ 11-12).

6. Plaintiff seeks to represent two classes of individuals: the "TCPA Class" and the "Privacy Act Class":

> All natural persons nationwide who, during the applicable limitations period, received a telephone call (including a text message) from Defendants that was (1) made to their cellular telephone and (2) initiated by Defendants using an artificial

or prerecorded voice and/or an automatic telephone dialing system. Excluded from the class are all employees of Defendants, all employees of Defendants' counsel, and all employees of Plaintiff's counsel.

And

All natural persons who, while residing in and physically present in the State of California: (1) while using a cellular telephone, participated in at least one telephone call received from a live representative of Defendants that was recorded by Defendants; (2) were not notified by Defendants that the telephone communication was being recorded; and (3) are identifiable through records held by Defendants and/or third parties. Excluded from the class are all employees of Defendants, all employees of Defendants' counsel, and all employees of Plaintiff's counsel.

(Complaint ¶¶ 13-15).

7. The Complaint seeks, *inter alia*, statutory damages, injunctive relief, attorneys' fees, interest, and costs. (Complaint, Prayer for Relief).

8. SSI disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class members have been harmed in any way.

## FEDERAL QUESTION JURISDICTION

9. This Court has original jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.

10. <u>Federal Claim</u>. The first cause of action in the Complaint alleges a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. This Court has federal question jurisdiction over that claim.

11. <u>Supplemental Jurisdiction Over State Claims</u>. Because Plaintiff set forth a claim arising under federal law, this Court may choose to adjudicate any state-law claims that are transactionally related to the federal claim. 28 U.S.C. § 1367(a). The Complaint alleges a cause of action under California law that arises from the same facts and transactions at issue in the TCPA claim. (Compl., ¶¶25-29.) Furthermore, principles of economy and convenience are served if this Court exercises jurisdiction over the state-law claims. Plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). This Court has and should exercise supplemental jurisdiction over Plaintiff's

state-law claim.

## CAFA JURISDICTION

12. This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. See Lowdermilk v. U.S. Bank, N.A., 479 F.3d 994, 997 (9th Cir. 2007).

13. <u>Covered Class Action</u>. This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a)& (b). (Complaint ¶ 13).

14. <u>Diversity</u>.  The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Plaintiff purports to be a resident of the State of Nevada as of the time the suit was filed.  28 U.S.C. § 1332(d)(7), (Complaint ¶ 1).  SSI is an international company incorporated in Delaware with its principal place of business in Connecticut.  Thus, the diversity requirements of CAFA are satisfied.  28 U.S.C. § 1332(d)(2)(A).

15. <u>Class Action Consisting of More than 100 Members</u>.  Plaintiff alleges *each* of the two proposed classes consists of at least 40 members, so SSI reasonably believes that the number of purported class members is greater than 100.  (Complaint ¶ 18).

16. <u>Amount in Controversy</u>.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).  Plaintiffs seek damages, injunctive relief, and attorneys' fees.  (Prayer for Relief).  Damages claimed are $1,500

1  per TCPA violation, $5,000 per call recording violation, and attorney's fees. (Complaint ¶¶ 24, 29 and Prayer for Relief). Without conceding any merit to the Complaint's damages allegations or causes of action, SSI reasonably believes the amount in controversy here satisfies CAFA's jurisdictional threshold.

## FEDERAL QUESTION JURISDICTION

17.  This Court has original jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.

18.  <u>Federal Claim</u>. The first cause of action in the Complaint alleges a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. This Court has federal question jurisdiction over that claim.

19.  <u>Supplemental Jurisdiction Over State Claims</u>. Because Plaintiff set forth a claim arising under federal law, this Court may choose to adjudicate any state-law claims that are transactionally related to the federal claim. 28 U.S.C. § 1367(a). The Complaint alleges a cause of action under California law that arises from the same facts and transactions at issue in the TCPA claim. (Compl., ¶¶25-29.) Furthermore, principles of economy and convenience are served if this Court exercises jurisdiction over the state-law claims. Plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). This Court has and should exercise supplemental jurisdiction over Plaintiff's state-law claim.

## CONCLUSION

20.  Defendant SSI, having satisfied all requirements for removal pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1453, and 1446, respectfully submits this Notice of Removal, requests that the Action be removed, and requests that the Court assume full jurisdiction over the case herein as provided by law.

//
//
//
//

1  WHEREFORE, Defendant SSI gives notice that the above-described action pending

2  against it in the Superior Court for the County of San Diego is removed to this Court.

5  Dated:  April 17, 2017                    MANATT, PHELPS & PHILLIPS, LLP

7  By:  /s/ Christine M. Reilly
       Christine M. Reilly
       *Attorney for Defendant*
8      SURVEY SAMPLING INTERNATIONAL, LLC